In re Fred T. HILLER III, Debtor.

H. Christopher Clark, Plaintiff–Appellee,

v.

Fred T. Hiller, III, et al., Defendant–Appellant.

Bankruptcy No. 88 B 5775 CEM.
Adversary No. 92 1049 SBB.

United States District Court,
D. Colorado.

Feb. 23, 1999.

Lee M. Kutner, Rubner & Kutner, P.C., Denver, CO.

Robert P. Padjen, Denver, CO.

## ORDER FOR ISSUANCE OF WRIT OF MANDAMUS

NOTTINGHAM, District Judge.

This bankruptcy case is before the court on the "Motion for Writ of Mandamus or Alternatively for Withdrawal of Reference of Adversary Proceeding" filed by Appellant Fred T. Hiller, III. The motion asks this court to enforce its order which (1) vacated a judgment in this case theretofore entered by this court and (2) instructed the bankruptcy court similarly to "vacate [its] order ... denying Hiller a discharge" in a case brought under chapter seven of the bankruptcy code. The bankruptcy court responded to this instruction by declining to vacate the order in question.

Ironically, the order which began this sorry saga is an order of the bankruptcy court which was affirmed by this court. In an adversary action commenced by the trustee in bankruptcy (Mr. Clark), the bankruptcy court denied a discharge to the chapter seven debtor (Mr. Hiller). This court affirmed the bankruptcy court, and judgment was entered accordingly. On the very day this court filed its order and judgment, however, a different bankruptcy judge assigned to hear the main bankruptcy case entered an "Order Approving All Encompassing Settlement Agreement," having reviewed the trustee's motion for such an order, having held a hearing upon proper notice to creditors, and having found the agreement to be "in the best interests of the bankruptcy estate." With respect to the adversary proceeding concerning Hiller's discharge and the appeal thereof to this court, the agreement provided for this court "to enter orders remanding the case to the Bankruptcy Court with instruction to vacate and dismiss the Bankruptcy Court's Order ... denying Hiller a discharge in the Chapter 7 case."

When the parties brought to my attention the bankruptcy court's "Order Approving All Encompassing Settlement Agreement," and the circumstances surrounding that order, I vacated this court's contemporaneously—entered judgment and, consistent with the terms of the order, instructed the bankruptcy judge handling the adversary proceeding to do likewise. That bankruptcy judge, however, had a contrary idea. At the conclusion of a seventeen-page opinion which relied primarily on the Supreme Court's decision in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), the bankruptcy judge concluded that this court's order was "contrary to existing law" and declined to vacate his order denying debtor a discharge.

The bankruptcy judge's order overlooks or ignores part of the *Bonner Mall* decision. The Court there concluded its discussion as follows:

> We hold that mootness by reason of settlement does not justify vacatur of a judgment under review. This is not to say that vacatur can never be granted when mootness is produced in that fashion. As we have described, the determination is an equitable one, and exceptional circumstances may conceivably counsel in favor of such a course.

513 U.S. at 29, 115 S.Ct. at 393. The Court also noted that, as an alternative to vacatur, the court having appellate jurisdiction could remand the vacatur request to the lower tribunal with instructions that the lower court itself consider the request.

█ Here, this court was presented not just with a settlement agreement stipulating to vacatur. The settlement agreement had been approved by a bankruptcy

judge—the one responsible for the main bankruptcy case, not just the adversary proceeding—after a hearing and upon a finding that the agreement was "in the best interests of the bankruptcy estate." The approval a settlement agreement providing for vacatur by the very court having jurisdiction of the underlying bankruptcy case is an exceptional circumstance justifying invocation of the equitable remedy in this case, especially in light of the Supreme Court's implicit recognition that the lower court can be instructed to consider the remedy itself.

Placing the merits of the matter to one side, there is another interest justifying mandamus in this case. By statute, this court is given appellate jurisdiction over the bankruptcy court. *See* 28 U.S.C.A. § 158(a) (West 1993 & Supp. 1998). While the bankruptcy court may disagree with the reasoning of this court and may think a decision wrong or incomplete, it does not have the option of simply declining to follow a clear and unambiguous order of this court—any more than this court has such an option concerning decisions of the court of appeals or the Supreme Court. *See, e.g., Colorado Interstate Gas Co. v. Natural Gas Pipeline Co.,* 962 F.2d 1528, 1534 (10th Cir.1992).

Upon the foregoing findings and conclusions it is

**ORDERED** as follows:

1. The motion for writ of mandamus is GRANTED.

2. In accordance with this court's previous instructions, the bankruptcy judge in the adversary proceeding shall forthwith vacate the order denying Hiller a discharge in the chapter seven case.

3. The motion for withdrawal of reference of the adversary proceeding is DENIED as moot.

4. All other pending motions are DENIED as moot.